**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JIM DAYBERRY
ADC #653942                                                                                                    PLAINTIFF

v.                                            4:23-cv-01032-BSM-JJV

BRANDON LONG, Sheriff,
Stone County Sheriff's Dept.; *et al.*                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     INTRODUCTION**

Jim Dayberry ("Plaintiff") is a pretrial detainee at the Van Buren County Jail who has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights at the Stone County Jail.

**II.    SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### III.    PLAINTIFF'S COMPLAINT

Plaintiff says in his Complaint there were a variety of unconstitutional problems with the kitchen at the Stone County Jail. (Doc. 2.) He seeks monetary damages and injunctive relief. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

First, because Plaintiff is no longer in the Stone County Jail, his request for injunctive relief is moot. *See Zajrael v. Harmon*, 677 F.3d 353, 354(8th Cir. 2012); *Owens v. Isaac*, 487 F.3d 561, 564 (8th Cir. 2007).

Second, as to his request for monetary relief, Plaintiff must have standing to purse his claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If "a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). To establish standing, a plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action." *Cross v. Fox,* 23 F.4th 797, 800 (8th Cir. 2022). Plaintiff says kitchen workers at the jail were not tested for tuberculosis or hepatitis, did not wear gloves, failed to properly cover food, served cold food,

kept a dog in the kitchen, inadequately cleaned plates and utensils, and did not provide nutritionally balanced meals. But Plaintiff does not say he was physically harmed by any of these conditions. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *Seltzer Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). And the PLRA precludes him from recovering compensatory damages absent a physical injury. 42 U.S.C. § 1997e(e); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Thus, I find Plaintiff does not have standing to bring a claim for monetary damages stemming from these conditions.

In contrast, Plaintiff says while he was at the Stone County Jail, his blood pressure ran "extremely high" as a result of being served bread, chips, processed meat, and other foods "doctors told me not to eat." (Doc. 2 at 5.) Arguably, that is enough to satisfy the standing requirement. But Plaintiff must go one step further and plead a plausible claim for relief. To plead a plausible inadequate medical care claim under the Fourteenth Amendment, a pretrial detainee must provide facts suggesting: (1) he had an objectively serious need for medical care; and (2) the defendants subjectively knew of, but deliberately disregarded, that serious medical need.[1] *Smith v. Lisenbe,* 73 F.4th 596, 660 (8th Cir. 2023); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). The second element is difficult to satisfy. Negligence or even gross negligence is not enough. *Id.* Instead, there must be facts suggesting defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Id*. (emphasis in the original.) And vicarious liability cannot be used to infer subjective knowledge. *Iqbal,* 556 U.S. at 676. The problem here is that Plaintiff has not provided any facts suggesting Sheriff Long or Jail Administrator Dodson subjectively knew the food was increasing his blood pressure and failed to

---

[1] The Eighth Circuit applies the same standard for inadequate medical care claims raised by pretrial detainees under the Fourteenth Amendment or convicted prisoners under the Eighth Amendment. *See Smith*, 73 F.4th at 660.

correct his diet or provide him with appropriate medical care for that temporary condition. Accordingly, I conclude he has not pled a plausible Fourteenth Amendment violation.

Finally, Plaintiff says, without any explanation, Defendants violated his First, Second, Fifth, Sixth, and Eighth Amendment rights. (Doc. 2 at 6.) But such conclusory allegations without any factual support are not enough to plead a plausible claim. *Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE